UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBORAH L. MCCLAIN,

                                    Plaintiff,

        v.

NANCY A. BERRYHILL, Deputy
Commissioner of Social Security for Operations,

                                    Defendant.

Case No. C17-5797 TSZ

**ORDER AFFIRMING THE
COMMISSIONER'S FINAL
DECISION AND DISMISSING THE
CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting several medical opinions and her own testimony. Dkt. 10. For the reasons stated in this Order, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 46 years old, has a high school education, and has worked as a daycare teacher's aide. Administrative Record (AR) 245, 52. Plaintiff applied for benefits in February 2012, alleging disability as of January 1, 2011. AR 238, 31. Plaintiff's applications were denied initially and on reconsideration. AR 136, 151. After the ALJ conducted a hearing in October 2015, the ALJ issued a decision finding that plaintiff had not been disabled at any

time from the alleged onset date of January 1, 2011, through December 24, 2015, the date the decision was issued.  AR 63, 31-53.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff has not worked at the level of substantial gainful activity since the alleged onset date of January 1, 2011, although she worked part time until August 2015.

**Step two:**  Plaintiff has the following severe impairments: obesity, asthma, hearing loss, fibromyalgia, an anxiety disorder, and an affective disorder.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Plaintiff can perform light work, but only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl and never climb ladders, ropes, or scaffolds.  She can have no exposure to fumes, odors, dusts, gases, poor ventilation, pulmonary irritants, or hazards.  She can be exposed to moderate noise, and cannot be required to use a telephone.  She is limited to simple routine tasks, simple work-related decisions, and only occasional interaction with the public.

**Step four:**  Plaintiff cannot perform past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, plaintiff is not disabled.

AR 33-53.  The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1.[3]

## DISCUSSION

This Court may set aside the Commissioner's denial of social security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  All of an ALJ's findings must be

---

[1] 20 C.F.R. §§ 404.1520.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

[3] The rest of the procedural history is not relevant to the outcome of the case and is omitted.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, the Commissioner's rational interpretation must be upheld. *Id.*

Plaintiff contends the ALJ erred by rejecting state agency doctors' opinions that she must avoid even moderate noise exposure because of her hearing impairment and cannot collaborate with coworkers; two treating doctors' opinions that she would miss more than four days of work per month due to difficulty breathing, fibromyalgia, and other impairments; and her own testimony establishing physical and mental impairments that preclude work.

**A.    Medical Evidence**

Social Security regulations distinguish among treating, examining, and nonexamining physicians. 20 C.F.R. § 404.1527. "While the opinion of a treating physician is … entitled to greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight than that of a non-examining physician." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 3

doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted).

### 1. Background Noise

State agency nonexamining doctor Howard Platter, M.D., opined that plaintiff must "[a]void even moderate exposure" to noise because of her "decreased hearing." AR 161. The ALJ rejected this opinion because Dr. Platter "did not explain how decreased hearing is incompatible with even moderate exposure to noise" and "[t]he record shows hearing aids are effective" because plaintiff "rarely misunderstands words." AR 47. Plaintiff argues that these reasons are inadequate.

This Court must affirm the ALJ's decision if "'the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (quoting *Andrews*, 775 F.3d at 1099). Although the ALJ rejected Dr. Platter's limitation to less than moderate noise, the ALJ's RFC did impose a milder limitation to only "moderate" noise and thus the ALJ appears to have accepted the opinions of two examining doctors who opined that plaintiff only needs to avoid "excessive" noise.

As the ALJ noted, examining doctor Hayden Hamilton, M.D., opined that plaintiff should "avoid working around excessive noise due to impaired hearing." AR 47 (citing AR 451). In addition, as the ALJ noted, examining doctor Derek J. Leinenbach, M.D., opined that plaintiff should avoid "excessive noise due to hearing loss." AR 48 (citing AR 465). In general, examining doctors' opinions are preferred over nonexamining doctors' opinions. *Garrison*, 759

1    F.3d at 1012; 20 C.F.R. § 404.1527.

2         The Court concludes the ALJ did not err by rejecting Dr. Platter's opined limitation to

3    avoid moderate noise in favor of two examining doctors' opined limitation to avoid excessive

4    noise.

5              **2.    Collaboration with Coworkers**

6         State agency nonexamining doctor John F. Robinson, Ph.D., opined that plaintiff could

7    "not collaborate" with coworkers.  AR 163.  No explanation was given, and the only social

8    limitation imposed was a "moderate" limitation on interacting with the general public.  AR 162-

9    63.  No other medical opinion contained such a limitation.  The ALJ rejected this opinion as

10   unsupported by the record, noting that plaintiff checked a box stating she was a lead worker

11   while she was a teacher's assistant.  AR 47 (citing AR 342).  An ALJ need not accept a

12   contradicted medical opinion that is "conclusory and brief and unsupported by clinical findings."

13   *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  Dr. Robinson's opinion cited no

14   evidence in the record for the limitation on collaboration, and none is apparent.  Plaintiff's

15   testimony and reports showed that she worked in a room with 14 children and multiple other

16   teachers.  AR 96-97, 298.  Plaintiff argues that the ALJ failed to identify any "collaborative

17   duties" she performed.  Dkt. 10 at 5.  The Commissioner argues that being a lead worker

18   "reasonably implies" an ability to collaborate.  Dkt. 17 at 11.  A claimant bears the burden to

19   provide proof that she is disabled.  20 C.F.R. § 404.1512(a).  And an ALJ must include in the

20   RFC all limitations that are "credible and supported by substantial evidence in the record."

21   *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  Plaintiff's formulation would turn this

22   approach on its head by requiring the Commissioner to prove that she is not disabled.  The Court

23   concludes the ALJ did not err by rejecting the opined limitation on collaboration.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE

### 3. Treating Doctors

Plaintiff's treating physicians, James J. Nakashima, M.D., and Richard A. Kirkpatrick, M.D., filled out identical "Physical Capacities Evaluation" forms. AR 477-78, 501-02. The ALJ gave "little weight" to both opinions, in part because they contained conflicting limitations on repetitive foot movements and exposure to dust, fumes, and gases. AR 49, 51. However, conflict means that each opinion may be rejected for "specific and legitimate" rather than "clear and convincing" reasons; it is not itself a reason to reject both opinions. *See Revels*, 874 F.3d at 654.

#### a) Dr. Nakashima

In 2014, rheumatologist Dr. Nakashima opined that plaintiff could sit for four hours and stand and/or walk for two hours per day, could not lift more than ten pounds, and could not use her hands or feet for repetitive movements. AR 477. He also opined that plaintiff would miss more than four days of work per month because of "chronic, progressive disease" that "flares" once or twice per week. AR 478. Dr. Nakashima also opined she should limit exposure to various hazards and pollutants. *Id.*

The ALJ gave Dr. Nakashima's opinions "little weight" based on inconsistency with the overall medical record and plaintiff's activities. AR 49-50. Inconsistency with the medical record or a doctor's own findings is a specific and legitimate reason to reject a medical opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

#### (1) Inconsistencies with the Medical Record

Dr. Nakashima opined that plaintiff could not use her hands for repetitive grasping, pushing, or pulling. AR 477. The ALJ found this inconsistent with the overall medical record

because Dr. Leinenbach tested plaintiff's hand grasping, holding, and manipulation and found "[n]o diminished function with repetition." AR 464. He limited plaintiff to "frequent" handling and fingering with no limitation on repetitive movements. AR 465. Dr. Leinenbach's testing was more specific and more relevant to handling/fingering limitations, and thus substantial evidence supports the ALJ's reason to discount Dr. Nakashima's opinions. *See Batson*, 359 F.3d at 1195 (ALJ permissibly discounted doctor's opinion that "was contradicted by other … assessments of [claimant's] medical condition").

The ALJ also found Dr. Nakashima was "not familiar" with plaintiff's conditions because he did not limit her exposure to fumes, dust, and gases despite her breathing difficulties. AR 50. In a section for "[r]estriction of activities" Dr. Nakashima checked "[n]one" for "[e]xposure to dust, fumes, and gases." AR 478. It is possible that he misunderstood the form, and intended to restrict plaintiff to no exposure. However, on its face, as filled out, the form shows that Dr. Nakashima opined that plaintiff needed no restriction at all. The ALJ concluded that Dr. Nakashima showed either "carelessness" in filling out the form or a "lack of knowledge" of plaintiff's conditions. AR 51. Because it is a rational interpretation, even if not the only one, this Court must uphold it. *See Thomas*, 278 F.3d at 954.

### (2)    Activities

Conflict with a claimant's activities "may justify rejecting a treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). In a 2013 report, plaintiff stated that the heaviest weight she lifted was 20 pounds, but that she frequently lifted 25 pounds. AR 342. The Commissioner argues that regardless of the contradiction either 20 or 25 pounds is consistent with the RFC of 20 pounds maximum, and inconsistent with Dr. Nakashima's 10-pound limitation. Dkt. 17 at 13. The Court agrees. Because Dr. Nakashima's opinion that she could

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 7

not lift more than 10 pounds conflicted with plaintiff's activities, the ALJ permissibly discounted his opinion.

The ALJ erred, however, in rejecting Dr. Nakashima's opined limitations because they conflicted with plaintiff's "own report [in 2013] that each day her job requires her to walk five hours, stand five hours, [and] sit five hours…." AR 50 (citing AR 342). Because it is physically impossible to do these activities at the same time, plaintiff would have had to work a minimum of 15 hours per day. But at the time plaintiff worked only 6 hours per day. AR 341. Her report is therefore incorrect and could not provide substantial evidence to contradict Dr. Nakashima's opinions that she could sit for four hours and stand/walk for two hours per day.

The ALJ's statement that Dr. Nakashima opined plaintiff "can never operate foot controls" was also erroneous because Dr. Nakashima limited only "repetitive" foot use. AR 50, 477. Similarly, the ALJ's description that Dr. Nakashima finds plaintiff "incapable of simple grasping" is inaccurate because Dr. Nakashima only limited repetitive grasping. *Id.* The ALJ also erred by rejecting Dr. Nakashima's opinion that plaintiff cannot climb on the grounds that plaintiff goes up and down stairs in her home, because plaintiff testified that she avoided going up and down stairs. AR 50, 83.

The ALJ also erred by rejecting Dr. Nakashima's opinions in favor of a state agency consultant's opinion because it "persuasively link[ed] recommended levels of restriction to objective findings…." AR 50. The state agency consultant's limitations were explained as "[l]imited by DOE," meaning dyspnea on exertion. AR 160, 161. Dr. Nakashima's opinions were supported by his treatment records, which documented "increasing dyspnea on exertion." AR 604; *see Garrison*, 759 F.3d at 1013 (checkbox opinion "based on significant experience with [claimant] and supported by numerous records [were] entitled to weight that an otherwise

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 8

unsupported and unexplained check-box form would not merit"). Dr. Nakashima's opinion is thus at least equally as supported as the state agency opinion preferred by the ALJ.

These improper reasons constitute only harmless error, however, because the remaining valid reasons went to the heart of the reliability of Dr. Nakashima's opinions. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (erroneous reasons to reject plaintiff's testimony were harmless because there were multiple remaining valid reasons that were not "relatively minor").

The Court concludes the ALJ permissibly discounted Dr. Nakashima's opinions.

### b) Dr. Kirkpatrick

Dr. Kirkpatrick opined in 2014 that plaintiff could sit three hours and stand and/or walk three to four hours per day, could not lift more than ten pounds, and could not use her hands for repetitive movements. AR 50. He also opined that plaintiff should avoid hazards and pollutants, and that she would miss more than four days of work per month. AR 502.

The ALJ gave Dr. Kirkpatrick's opinions "little weight" for several of the same reasons given to discount Dr. Nakashima's opinion. AR 51. As with Dr. Nakashima's opinions, plaintiff's report that she lifted at least 20 pounds was a valid reason to discount Dr. Kirkpatrick's opinions. However, plaintiff's apocryphal report of the number of hours she spent sitting, standing, and walking was not.

The ALJ also discounted Dr. Kirkpatrick's opinions because they were based on plaintiff's discredited self-reports. AR 51. An ALJ may discount a doctor's opinion that is based largely on a claimant's properly discounted self-reports. *Tommasetti*, 533 F.3d at 1041. Dr. Kirkpatrick's treatment notes from the day he issued the opinions recount plaintiff's self-reports that she can sit for 30 minutes at a time and stand or walk for 15-20 minutes at a time.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE

- 9

AR 684.  Consistent with these self-reports, on the Physical Capacities Evaluation form, Dr. Kirkpatrick circled "1/2" for the number of hours plaintiff can sit at one time, and put one circle around both "0" and "1/2" for the number of hours she can stand and/or walk at one time.  AR 501.  This is substantial evidence that Dr. Kirkpatrick's opinions are heavily based on plaintiff's self-reports.  Because plaintiff's testimony was properly discounted, as discussed below, this was a specific and legitimate reason to discount Dr. Kirkpatrick's opinions.

The Court concludes the ALJ did not err by discounting Dr. Kirkpatrick's opinions.

**B.       Plaintiff's Testimony**

Plaintiff testified that she can only walk about 15 minutes at a time because she cannot breathe well.  AR 91.  Even with hearing aids, she hears poorly if there is background noise and cannot hear high-pitched noises such as fire alarms.  AR 92.  Plaintiff testified that every day she aches all over as if she had the flu.  AR 78.  Her sleep is disrupted because she needs to take hot baths during the night to numb her pain so that she can go back to sleep.  AR 90.  She can use her hands to do activities such as chop food for only about 15 minutes before they cramp.  AR 95.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons.  *Trevizo*, 871 F.3d at 678.  The ALJ found plaintiff's testimony "partially credible" and discounted it because of the "efficacy of her conservative treatment" and her part-time work and other activities after her alleged onset date.  AR 45-46, 51.

### 1.    Effective Conservative Treatment

"Impairments that can be controlled effectively with [treatment] are not disabling for the purpose of determining eligibility for [social security] benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Here, substantial evidence supports the ALJ's finding that plaintiff's hearing problems and breathing difficulties were effectively treated. AR 45. In 2015 plaintiff reported to a treating physician that her "hearing aids are doing well." AR 607. Plaintiff told an examining doctor that her hearing "symptoms are improved since being given hearing aids" and her breathing "symptoms are currently controlled with Symbicort inhalers." AR 447. Another examining doctor noted that Symbicort "appears to be of help." AR 430. Steroid therapy "helped significantly" with the breathing difficulties. AR 461. The evidence that these symptoms were well-controlled provides a clear and convincing reason to discount plaintiff's testimony. The Court concludes the ALJ permissibly discounted plaintiff's testimony based on effective treatment for her hearing and breathing problems.

The ALJ did, however, err in relying on a lack of treatment for fibromyalgia or depression. An "unexplained or inadequately explained failure" to seek treatment or to follow prescribed treatment can be a valid reason to discount a claimant's testimony, but an ALJ must consider a claimant's proffered reasons. *Trevizo*, 871 F.3d at 679-80. The ALJ noted that in 2011 plaintiff reported using ibuprofen for fibromyalgia, but failed to address treatment notes showing that she has tried Lyrica, Neurontin and Cymbalta but stopped because of side effects. AR 40 (citing AR 430), 604, 492. The ALJ noted that plaintiff did not receive treatment for mental health symptoms, but plaintiff does not allege disability based on mental health and in fact testified that "the only depression [she has] is from feeling useless." AR 81; AR 46, 137, 152. The error is harmless, however, because effective treatment of plaintiff's hearing and

breathing problems was a clear and convincing reason to discount plaintiff's testimony. *Carmickle*, 553 F.3d at 1163 ("remaining valid reasons" clearly demonstrate ALJ did not reject claimant's testimony arbitrarily).

### 2. Activities

Plaintiff testified that before her alleged disability onset date she was capable of working full time, but worked only 6 hours per day for non-disability related reasons. AR 75-76. After the January 2011 alleged onset date, plaintiff continued working about 6 hours per day through the 2012-13 school year, then worked 4.5 hours per day in 2013-14 and 2.5 hours per day in 2014-15. AR 72-74. The ALJ found plaintiff had not shown a worsening of her impairments in 2014 or 2015 to explain quitting work, a finding plaintiff does not dispute. AR 45; Dkt. 10 at 14. By the time of the October 2015 hearing, plaintiff was not working for pay but was caring for her grandchild alone 5 to 7.5 hours per day, three days per week. AR 69, 85.

Daily activities can be a clear and convincing reason to discount a claimant's testimony if they meet the threshold for transferable work skills or contradict her testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the Commissioner determined that although plaintiff could not perform her past work, she "remain[ed] capable of less strenuous work…." AR 186. Plaintiff's work history shows transferable work skills such as an ability to maintain attendance and appropriate behavior day after day, week after week, for several years after the alleged onset date. Plaintiff argues that her work remained below the substantial gainful activity level and thus is not inconsistent with her disability allegations.[4] Dkt. 10 at 14. Working 6 hours per day does

---

[4] With regard to receipt of unemployment benefits, the Ninth Circuit has held that holding oneself out as able to work full time is inconsistent with disability allegations, but holding oneself out as able to work part time is not. *Carmickle,* 533 F.3d at 1162. However, *Carmickle* dealt with inconsistent statements as a reason to discount a claimant's testimony, while here the

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 12

offer some evidence that she could perform less strenuous work for 8 hours, even if it does not

definitively prove that she could work 8 hours per day. A claimant spending "a substantial part

of [the] day" performing "physical functions that are transferable to a work setting" is sufficient

to discredit claims of total disability. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600

(9th Cir. 1999). Six hours is a substantial part of a day, and plaintiff performed actual work

during that time.

The Court concludes that plaintiff's activities are a valid reason to discount her

testimony. Even if not sufficient, standing alone, it is adequate as an additional reason along

with the efficacy of plaintiff's medical treatment to serve as a clear and convincing reason to

discount plaintiff's testimony. The Court concludes the ALJ did not err.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this

case is **DISMISSED** with prejudice.

DATED this 18th day of October, 2018.

Thomas S. Zilly
United States District Judge

---

issue is plaintiff's actual activities.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 13